# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-7467 FMO (SKx) | Date | Sept. 25, 2018 |
| Title | Rocio Devora v. Costco Wholesale Corporation | | |

Present: The Honorable    Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:       Attorney Present for Defendant:

None Present        None Present

**Proceedings:**      (In Chambers) Order Remanding Action

On May 1, 2018, Rocio Devora ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against Costco Wholesale Corporation ("defendant"). (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1; Dkt. 1-2 ("Complaint")). On August 24, 2018, defendant removed that action on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332. (See Dkt. 1, NOR at ¶ 3). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[1] See id. Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

---

[1] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-7467 FMO (SKx) | Date | Sept. 25, 2018 |
|---|---|---|---|
| Title | Rocio Devora v. Costco Wholesale Corporation | | |

defendants, to the district court[.]"  28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (same).  A removing defendant bears the burden of establishing that removal is proper.  See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted).  Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts."  Syngenta Crop Protection, 537 U.S. at 33, 123 S.Ct. at 370.  Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and. . . the district court must remand if it lacks jurisdiction."  Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

**DISCUSSION**

The court's review of the NOR and the attached Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter.  In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.[2]  Therefore, removal was improper.  See 28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

Defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold.  See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) ("Where it is not facially evident from the complaint that more than $75,000 is

---

[2] Defendant seeks only to invoke the court's diversity jurisdiction. (See, generally, Dkt. 1, NOR).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-7467 FMO (SKx) | Date | Sept. 25, 2018 |
|---|---|---|---|
| Title | Rocio Devora v. Costco Wholesale Corporation | | |

in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnotes omitted). Here, there is no basis for diversity jurisdiction because the amount in controversy does not appear to exceed the diversity jurisdiction threshold of $75,000. See 28 U.S.C. § 1332.[3]

As an initial matter, the amount of damages plaintiff seeks cannot be determined from the Complaint, as the Complaint does not set forth a specific amount. (See, generally, Dkt. 1-2, Complaint at p. 5). Defendant contends that the amount in controversy is satisfied "given the nature of the claimed injury and extent of past and future medical treatment claimed[.]" (Dkt. 1, NOR at ¶ 12). However, defendant proffers no evidence that might help the court determine whether plaintiff's claims would satisfy the amount in controversy requirement. (See, generally, id.). Defendant merely cites to plaintiff's alleged injuries and requested forms of relief as proof, ipso facto, that the amount plaintiff seeks would meet the amount in controversy requirement. (See id.). Such an unsubstantiated assertion, untethered to any evidence, cannot satisfy the amount in controversy requirement of § 1332(a). See Gaus, 980 F.2d at 567 (remanding for lack of diversity jurisdiction where defendant "offered no facts whatsoever . . . [to] overcome[ ] the strong presumption against removal jurisdiction, [and did not] satisf[y] [defendant's] burden of setting forth . . . the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000].") (internal quotations omitted) (emphasis in the original).

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met its burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. See Matheson, 319 F.3d at 1090 ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court."); Valdez, 372 F.3d at 1117.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

---

[3] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. §§ 1332(a)(1)-(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-7467 FMO (SKx) | Date | Sept. 25, 2018 |
|---|---|---|---|
| Title | Rocio Devora v. Costco Wholesale Corporation | | |

## **CONCLUSION**

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill Street, Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.


Initials of Preparer          vdr